# LAW OFFICE OF DARRYN G. SOLOTOFF
**ATTORNEYS AT LAW**

100 Quentin Roosevelt Boulevard
Suite 208
Garden City, New York 11530
T 516-695-0052
F 516-706-4692

**VIA ECF**

December 30, 2019

***VIA ECF***
Hon. Judge Brian M. Cogan
United States District Court Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

                Re:     *Camacho v. Dave & Buster's Entertainment, Inc*,
                         Case No.: 1:19-cv-06022-BMC
                         PRE-MOTION LETTER RESPONSE

Dear Judge Cogan,

       The undersigned represents the Plaintiffs in the above-referenced matter for their on-going discrimination against people with disabilities in violation of Title III of the ADA, and therefore under analogous State and City Human Rights laws as well. We oppose Defendant's request for a pre-motion conference with respect to their anticipated motion to dismiss. For the reasons stated below, the Court should deny Defendant's request.

       Defendants are imploring the tactic of "a good defense, is a strong offense" by threatening a motion to dismiss. However, Defendant's basis for the contemplated motion is not only contrary to the law, but meritless and nothing more than a (not so) thinly veiled attempt to evade its obligation to comply with applicable laws to further their discrimination.

       Defendant's Gift Cards are not accessible to or independently usable by the Plaintiff or other blind individuals because they lack auxiliary aids (e.g. braille) on its Gift Cards . The Defendant's lack of *sufficient* auxiliary aids with respect to its Gift Cards make it impossible for the Plaintiff to independently and adequately utilize them. Defendant's Gift Cards are a *service* provided in conjunction with its brick and mortar places of public accommodation. The access barriers to Defendant's Gift Cards deprive the Plaintiff of his right to "full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation . . ." 42 U.S.C. § 12182(a).

Plaintiff has stated a claim under Title III of the ADA. The Comp The Complaint alleges Plaintiff is disabled within the meaning of the ADA; states the specific date of Plaintiff's inquiry/denial to purchase a Gift Card to make use of Defendant's *service(s)*, which was futile because the Defendant does not offer them; and Defendant owns, leases, or operates a place of public accommodation, see Camarillo v. Carrols Corp., 518 F.3d 153, 156 (2d Cir. 2008). Further, the Plaintiff has clearly established an "intent to return" and a "particularized and

**LAW OFFICE OF DARRYN G. SOLOTOFF**
ATTORNEYS AT LAW

100 Quentin Roosevelt Boulevard
Suite 208
Garden City, New York 11530
T 516-695-0052
F 516-706-4692

---

concrete injury" and as a result, standing. Additionally, the Defendant continues to discriminate against Plaintiff on the basis of his disability.

I. The Plaintiff has Suffered an Injury-In-Fact and Therefore Has Standing

The U.S. Const. Art. III "requirement that Plaintiffs adequately allege an *injury in fact* "serves to distinguish a person with a direct stake in the outcome of a litigation—even though small—from a person with a mere interest in the problem.*** "[A]n identifiable trifle is enough for standing to fight out a question of principle". Because this appeal arises at the pleading stage, "general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss courts presume that general allegations embrace those specific facts that are necessary to support the claim (citations omitted)". *Citizens for Responsibility & Ethics in Wash. v. Trump*, 939 F.3d 131, 137 (2d Cir. 2019).

Recently the 2nd Circuit held that certain statutory violations may, in and of themselves, constitute a "concrete" injury.

> Experian contends that Plaintiffs lack standing because they failed to allege a "concrete" injury in fact. We disagree. "In determining whether an intangible harm," as alleged here, "constitutes injury in fact, both history and the judgment of Congress play important roles." Id. at 1549. To be sure, this "does not mean that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." Id. Despite Experian's contrary protestations, however, Plaintiffs here do not "allege a bare procedural violation, divorced from any concrete harm." Id. First, Plaintiffs allege "the very injury [the TCPA] is intended to prevent."

*Melito v. Experian Marketing Solutions, Inc.*, No. 17-3277 (2d Cir. April 30, 2019).

Although Experian involved a TCPA violation, the same principles apply to an ADA violation because it is not a 'bare procedural violation,' and is the very injury Congress intended to prevent when they enacted the ADA. The lack of specific regulations do not excuse Defendant's statutory obligations. *Robles v. Domino's Pizza*, 913 F.3d 898 (9th Cir. 2019)

II. The Complaint Should Not be Dismissed under FRCP 12(b)(6)

**LAW OFFICE OF DARRYN G. SOLOTOFF**
ATTORNEYS AT LAW

100 Quentin Roosevelt Boulevard
Suite 208
Garden City, New York 11530
T 516-695-0052
F 516-706-4692

---

Title III of the ADA requires "[n]o individual shall be discriminated against on the basis of disability in the *full* and *equal* enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation. 42 U.S.C. § 12182(a) (Emphasis Added). Title III also requires that places of public accommodations provide "appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities." 28 C.F.R. § 36.303(c); *see also* 42 U.S.C. § 12182(b)(2)(A)(iii), and, *Baughman v. Walt Disney World Co.*, 685 F.3d 1131 (9th Cir. 2012)

For more than two decades, federal courts have resolved effective communication claims brought under the ADA ... in a wide range of contexts, including claims alleging unequal access to goods, benefits and services provided. [T]itle III's general prohibition against discrimination on the basis of disability and its requirements to provide auxiliary aids and services where necessary to ensure effective communication establish obligations under the ADA ....*New v. Lucky Brand Dungarees Stores, Inc.*, No. 14-CV-20574 [ECF No. 19 at 7] (S.D. Fla. Apr. 10, 2014); RJN. *West v. Moe's Franchisor, LLC*, No. 15cv2846, 2015 U.S. Dist. LEXIS 165070, at *11 (S.D.N.Y. Dec. 9, 2015) held, "Plaintiffs focus on the ADA's regulations' statement that places of public accommodations must take into account a disabled individual's "privacy and independence." 28 C.F.R. § 36.303(c)(1)(ii). However, while the heightened privacy concerns implicated by use of ATMs necessitate full independence, the same cannot be said about beverage dispensers." Here, the same 'heightened privacy concern' is implicated because the use and purpose of a gift card is similar, if not identical to the use and purpose of a debit card and the Defendant must take into account the Plaintiff's privacy and independence. Furthermore, Braille Gift Cards are not inventory of the Defendant but a service integrated with its digital/online and physical locations. The Defendant is not in the business of selling Store Gift Cards (such as a book store sells books) but offers gift cards as a service to its customers, not a "special good" added to inventory.

The Defendant argues that Brailled gift cards are not required under the ADA[1], but offers no evidence to suggest there is any alternate auxiliary aid or other form of communication currently in place with respect to Defendant's policy and procedures, or if Defendant's employees are trained to effectively assist blind individuals if they were to utilize a gift card. "The flexibility to choose an appropriate auxiliary aid does not extend so far as to allow a public accommodation to choose to provide no auxiliary aid when one is required for effective communication if a reasonable one exists." *National Ass'n of the Deaf v. Harvard* University, (DMA, 2016) 2016 U.S. Dist. LEXIS 120121, 2016 WL 3561622.The Court also requested the defense of "special goods" or altered inventory. *Id.* Additionally, there are instances where no

---

[1] "Auxiliary aids and services" includes Brailled materials and displays. 28 CFR 36.303 (b)(2). "[I]n order to be effective, auxiliary aids and services must be provided in accessible formats, in a timely manner, and in such a way to protect the privacy and independence of the individual with a disability. 28 CFR 36.303 (c)(ii)

## LAW OFFICE OF DARRYN G. SOLOTOFF
**ATTORNEYS AT LAW**

100 Quentin Roosevelt Boulevard
Suite 208
Garden City, New York 11530
T 516-695-0052
F 516-706-4692

---

employee would be available to assist Plaintiff. The Plaintiff has stated a claim under Title III and therefore under analogous State and City Human Rights laws as well.

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's pre-trial motion conference request. We thank Your Honor for considering this matter.

Respectfully submitted,

*/s/Darryn G. Solotoff, Esq*
Darryn G. Solotoff

cc: all counsel via ECF